IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| OFFICER PIETRUSIEWICZ (Star #12734), | ) | |
| OFFICER SULLIVAN (Star #18436), | ) | Magistrate Judge |
| OFFICER KONOPKA (Star #19918), | ) | |
| OFFICER NEEDLEMAN (Star #17666), | ) | JURY DEMAND |
| OFFICER VIDLJINOVIC (Star #19702), | ) | |
| OFFICER FUMO (Star #2782), OFFICER | ) | |
| BURZINSKI (Star #3450), individually, | ) | |
| and the CITY OF CHICAGO, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**NOW COMES** the Plaintiff, Christopher Houston, by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendants, Officer Pietrusiewicz, Officer Sullivan, Officer Konopka, Officer Needleman, Officer Vidljinovic, Officer Fumo, and Officer Burzinski, individually, and the City of Chicago, a municipal corporation, as follows:

**INTRODUCTION**

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

1

## JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) The Plaintiff, Christopher Houston, is a resident of Chicago, Illinois.

5) The individual Defendants, Officer Pietrusiewicz, Officer Sullivan, Officer Konopka, Officer Needleman, Officer Vidljinovic, Officer Fumo, and Officer Burzinski, were at all relevant times duly appointed police officers of the Defendant, City of Chicago, and at all relevant times were acting within their scope of employment and under color of law. Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski will be collectively referred to as Defendant Officers.

6) Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTS

7) On or about July 2, 2016, the Plaintiff was driving in the area of Madison and Lexington in Chicago, Illinois.

8) The Plaintiff was legally driving on a restricted driving permit.

9) The Plaintiff was not committing and had not committed any crimes.

10) Defendant Pietrusiewicz effected a traffic stop of the Plaintiff without justification or cause.

11) Defendant Pietrusiewicz approached the driver's side door and asked Plaintiff for his insurance and driver's license.

12) The Plaintiff complied with Defendant Pietrusiewicz's order and provided him with his driving permit.

13) Without cause, Defendant Pietrusiewicz then ordered Plaintiff to step out of his vehicle.

14) The Plaintiff complied with Defendant Pietrusiewicz's order.

15) Defendant Pietrusiewicz placed the Plaintiff in handcuffs and arrested him without probable cause, stating that he was arresting him for a suspended driver's license.

16) The Defendant caused Plaintiff's vehicle to be transported to the police station and begin the impound process.

17) The traffic stop was video recorded by Defendant Pietrusiewicz's dash camera.

18) Later that day, Defendant Pietrusiewicz released Plaintiff with a citation for failure to wear his seat belt. There was no just cause to issue this citation.

19) Defendant Pietrusiewicz also gave Plaintiff his car keys, inquired whether Plaintiff knew where his car was being held, and informed him that he could retrieve his car from the parking lot and go.

20) Plaintiff approached his car in the parking lot across the street and unlocked the car. At some point, he began scraping off the impound sticker that had been affixed to his window.

21) One or more of the Defendant Officers approached Plaintiff and asked him what he was doing.

22) Plaintiff explained that he was retrieving his car following an earlier arrest and that he had permission to do so.

23) Thereafter and without just cause or provocation, Defendant Sullivan, Defendant Konopka, Defendant Burzinski, Defendant Needleman subjected Plaintiff to excessive force, including without limitation forcefully wrenching his arm, taking him down to the ground, and slamming his head into the ground.

24) The remaining Defendant Officers were nearby and present during the use of force against Plaintiff and failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

25) The Defendant Officers arrested the Plaintiff and caused him to be charged with various criminal offenses.

26) There was no probable cause for the Plaintiff's second arrest on the incident date.

27) On or about September 13, 2017, Plaintiff was found not guilty of the resisting and obstructing charges brought by the Defendant Officers. The battery charges against him were also dismissed at that time.

**COUNT I—FALSE ARREST/UNLAWFUL SEIZURE**
**(against Defendant Pietrusiewicz)**

28) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

29) As described above, Defendant Pietrusiewicz detained and arrested Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the United States Constitution.

30) The initial stop and seizure of the Plaintiff was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

31) Said actions of Defendant Pietrusiewicz were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

32) Said actions of Defendant Pietrusiewicz were objectively unreasonable under the circumstances.

33) As a direct and proximate cause of Defendant Pietrusiewicz's conduct, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Pietrusiewicz for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT II—FALSE ARREST/UNLAWFUL SEIZURE
**(against Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski)**

34) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

35) As described above, the Defendant Officers detained and arrested Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the United States Constitution.

36) The initial stop and seizure of the Plaintiff in the parking lot was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

37) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

38) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

39) As a direct and proximate cause of the Defendant Officers' conduct, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT III—EXCESSIVE FORCE/FAILURE TO INTERVENE
**(against Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski)**

40) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

41) The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Plaintiff, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

42) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

43) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

44) As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT IV—MALICIOUS PROSECUTION (state law)

**(against Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski)**

45) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

46) The Defendant Officers willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause.

47) With malice, willfulness, and/or reckless indifference to Plaintiff's rights, the Defendant Officers created false and/or inaccurate police reports and/or made false statements to other police officers and prosecutors.

48) The legal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

49) As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff suffered injury, including without limitation emotional and financial damages, which will be proven at trial.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Sullivan, Konopka, Needleman, Vidljinovic, Fumo, and Officer Burzinski, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT V– BATTERY (state law claim)**
**(against Defendants Sullivan, Konopka, Burzinski, and Needleman)**

50) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

51) The conduct of Defendants Konopka, Burzinski, and Needleman was an unauthorized and offensive touching of the Plaintiff and thus constitutes a battery under Illinois law.

52) The Defendants' conduct that resulted in this battery was malicious, willful, and wanton.

53) As a direct and proximate cause of the conduct of Defendants Sullivan, Konopka, Burzinski, and Needleman, Plaintiffs suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Sullivan, Konopka, Burzinski, and Needleman, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT VI--INDEMNIFICATION

54) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

55) At all relevant times, Defendant City of Chicago was the employer of the individual Defendants.

56) The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

57) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

58) As a proximate cause of the individual Defendants' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should one or more of the individual Defendants be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

### COUNT VII—*RESPONDEAT SUPERIOR*

59) Each of the paragraphs above is incorporated by reference as though fully stated herein.

60) In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

61) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should one or more of the individual Defendants be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.


Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370